Audra M. Mori, Bar No. 162850
AMori@perkinscoie.com
Katherine M. Dugdale, Bar No. 168014
KDugdale@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

Attorneys for Plaintiff
MICROSOFT CORPORATION

Curtis R. Tingley, Bar No. 112322
*ctingley@tingleylawgroup.com*
Stephen D. Collins, Bar No. 277248
*scollins@tingleylawgroup.com*
Kevin W. Isaacson, Bar No. 281067
*kisaacson@tingleylawgroup.com*
TINGLEY LAW GROUP, PC
10 Almaden Boulevard, Suite 960
San Jose, California 95113
Telephone:     408.283.7000
Facsimile:     408.283.7010

Attorneys for Defendants
DSD SOLUTIONS INC. and DUY L. PAN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION,<br>a Washington corporation,<br><br>                    Plaintiff,<br><br>     v.<br><br>DSD SOLUTIONS INC., a California corporation d/b/a DESTINED DESIGN; DUY L. PAN, an individual; and DOES 1-5,<br><br>                    Defendants. | Case No. 15-CV-01690 MCE CKD<br><br>**STIPULATION FOR PROTECTIVE ORDER; ORDER** |

IT IS HEREBY STIPULATED and agreed by and between counsel for the parties that, upon the Court's approval, the terms and conditions of a Stipulated Protective Order should be entered as follows:

1. The Stipulated Protective Order entered by the Court (the "Court's Order") shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as all documents produced by either party in response to informal discovery requests, testimony, matters in evidence, and computerized records (collectively, "RECORDS") which the disclosing party designates as "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL" pursuant to this Stipulation and the Court's Order, directly or indirectly by or on behalf of any party in connection with this action.

2. Pursuant to Local Rule 141.1(c)(1), the types of information eligible for protection include a party's trade secret, confidential, competitive, or proprietary information pertaining to the party's business, which the party takes appropriate efforts to keep confidential, or information which the party is otherwise required to keep confidential by agreement or law, including the following: financial information; research, development, and technical information and specifications; customer information; security features of the party's products or property; and information that, if disclosed, would seriously undermine the party's ability to investigate the infringement of its products or property.

3. Pursuant to Local Rule 141.1(c)(2), there is a need to protect this type of evidence. A party's trade secret, confidential, competitive, or proprietary information could be abused if its use were not limited to this lawsuit. For example, third party competitors could exploit the following types of confidential information to their advantage were it made public: (1) a party's financial information; (2) research, development, and technical information and specifications; and (3) customer information. In some cases, disclosure of this type of evidence could breach confidentiality agreements or violate privacy or consumer protection laws. Further, disclosure of information related to the security features of a party's products or property, or that would seriously undermine the party's ability to investigate the infringement of its products or property, would facilitate infringement.

///

1    4.   Pursuant to Local Rule 141.1(c)(3), the parties seek a Protective Order, as opposed to entering into a private agreement, because the proposed Order provides mechanisms for the resolution of disputes and the handling of designated evidence that involve the Court.

5.   In designating RECORDS as "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL," a party shall make such a designation only for RECORDS which that party in good faith believes contain trade secret, confidential, competitive, or proprietary information pertaining to a party's business, which the party takes appropriate efforts to keep confidential, or information which the party is otherwise required to keep confidential by agreement or law.  For a designation of RECORDS as "RESTRICTED MATERIAL," the party must additionally believe in good faith that the RECORDS must be protected from disclosure to the parties themselves in this litigation and subject to the restricted disclosure provided for below. CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL shall be used solely for the purpose of conducting this litigation and not for any other purpose.

6.   RECORDS designated as CONFIDENTIAL MATERIAL may be disclosed only to the following persons:

   a.   the attorneys working on this action on behalf of any party, including in-house attorneys;

   b.   any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

   c.   any parties to this action who are individuals, and the employees, directors or officers of parties to this action who are corporations or partnerships, to the extent necessary to further the interest of the parties in this litigation;

   d.   any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 6(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

   e.   any witnesses who appear for deposition or trial in this matter, and their counsel of record, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and

1   f.   the Court.

2   7.   RECORDS designated as "RESTRICTED MATERIAL" may be disclosed only to the following persons:

   a.   the attorneys working on this action on behalf of any party, including in-house litigation attorneys;

   b.   any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel, with disclosure only to the extent necessary to perform their work in connection with this matter;

   c.   any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 7(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

   d.   any witnesses who appear for deposition or trial in this matter, and their counsel of record, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and

   e.   the Court.

8.   Notwithstanding any other provisions of the Court's Order, Microsoft may use and disclose CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL in order to investigate and/or prosecute criminal or civil actions involving copyright or trademark infringement against parties or entities other than the defendants in this matter and may provide CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL to law enforcement officials upon such officials' request.

9.   The persons described in paragraphs 6(d) and 7(c) shall have access to the CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL once they have been made aware of the provisions of the Court's Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT." Upon request, a list shall be prepared by counsel for the parties hereto of the names of all such persons to whom CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court and opposing

1  counsel.  The other persons described in paragraphs 6 and 7 shall have access to the
2  CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL pursuant to the terms of the
3  Court's Order without signing a copy of the annexed "ACKNOWLEDGEMENT."  Upon request,
4  similar but separate lists shall also be prepared with respect to CONFIDENTIAL MATERIAL or
5  RESTRICTED MATERIAL provided by third parties.  The persons receiving CONFIDENTIAL
6  MATERIAL or RESTRICTED MATERIAL are enjoined from disclosing it to any other person,
7  except in conformance with the Court's Order.  This Stipulation will not require the disclosure of
8  experts other than by Local Rule, Federal Rule of Civil Procedure, and/or Court Order.
9       10.     Each individual who receives any CONFIDENTIAL MATERIAL or
10  RESTRICTED MATERIAL hereby agrees to subject himself/herself to the jurisdiction of this
11  Court for the purpose of any proceedings relating to the performance under, compliance with or
12  violation of the Court's Order.
13       11.     The recipient of any CONFIDENTIAL MATERIAL or RESTRICTED
14  MATERIAL that is provided under the Court's Order shall maintain such RECORDS in a secure
15  and safe area and shall exercise the same standard of due and proper care with respect to the
16  storage, custody, use and/or dissemination of such RECORDS as is exercised by the recipient
17  with respect to its own proprietary information.
18       12.     Parties shall designate CONFIDENTIAL MATERIAL or RESTRICTED
19  MATERIAL as follows:
20            a.     In the case of RECORDS produced pursuant to Rules 26 and 34 of the
21  Federal Rules of Civil Procedure, interrogatory answers, responses to requests for admissions,
22  and the information contained therein, designation shall be made by placing the following legend
23  on any such RECORD prior to production: "CONFIDENTIAL MATERIAL" or "RESTRICTED
24  MATERIAL."  In the event that a party was unable to stamp or otherwise designate a RECORD
25  as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL at the time of its production,
26  that party may, within twenty-one (21) days of becoming able to designate such RECORD, so
27  stamp or otherwise designate the RECORD.  In the event that a party inadvertently fails to stamp
28  or otherwise designate a RECORD as CONFIDENTIAL MATERIAL or RESTRICTED

1  MATERIAL at the time of its production, that party may, after discovery of such error, so stamp
2  or otherwise designate the RECORD.

3        b.    In the case of depositions, designation of the portion of the transcript
4  (including exhibits) which contains CONFIDENTIAL MATERIAL or RESTRICTED
5  MATERIAL shall be made by a statement to such effect on the record in the course of the
6  deposition or, upon review of such transcript by counsel for the party to whose CONFIDENTIAL
7  MATERIAL or RESTRICTED MATERIAL the deponent has had access, said counsel shall
8  designate within twenty-one (21) days after counsel's receipt of the transcript.

9        c.    Transcripts of depositions will not be filed with the Court unless it is
10  necessary to do so for purposes of trial, motions for summary judgment, or other matters, and
11  when filed, the parties shall comply with paragraph 14 below.

12      13.    A party shall not be obligated to challenge the propriety of a CONFIDENTIAL
13  MATERIAL or RESTRICTED MATERIAL designation at the time made, and failure to do so
14  shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation
15  disagrees at any stage of these proceedings with such designation, such party shall provide to the
16  producing party written notice of its disagreement with the designation.  The parties shall first try
17  to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved,
18  the party challenging the designation may request appropriate relief from the Court.

19      14.    In the event that any CONFIDENTIAL MATERIAL or RESTRICTED
20  MATERIAL is to be used in any court proceedings in connection with this litigation, the parties
21  shall request an Order from the Court seeking to seal the documents pursuant to Local Rule 141.
22  If any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL is used in any court
23  proceedings in connection with this litigation it shall not lose its CONFIDENTIAL MATERIAL
24  or RESTRICTED MATERIAL status through such use, and the parties shall take all steps
25  reasonably required to protect its confidentiality during such use.

26      15.    Nothing in the Court's Order shall preclude any party to the lawsuit, their
27  attorneys or any other person from disclosing or using, in any manner or for any purpose, any
28  RECORDS not obtained in this lawsuit, if such RECORDS are lawfully obtained from a third

1  party, even though the same RECORDS may have been produced in discovery in this lawsuit and
2  designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

3       16.    Nothing in the Court's Order shall preclude any party to the lawsuit or their
4  attorneys (a) from showing RECORDS designated as CONFIDENTIAL MATERIAL or
5  RESTRICTED MATERIAL to an individual who either prepared or reviewed the RECORDS
6  prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose,
7  RECORDS from the party's own files which the party itself has designated as CONFIDENTIAL
8  MATERIAL or RESTRICTED MATERIAL.

9       17.    Within sixty (60) days of the termination of litigation between the parties, all
10 CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL, and all copies thereof, except
11 such copies which have been filed with the Court, utilized in accordance with the Court's Order,
12 or which are and will continue to be maintained in a secure place pursuant to the continuing
13 obligations of the Court's Order, shall be returned to the party which produced it or shall be
14 destroyed.

15      18.    Except as specifically provided herein, the terms, conditions and limitations of the
16 Court's Order shall survive the termination of this action at the option of the designating party.
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

19. The Court's Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through 18, inclusive hereof.

**APPROVED AS TO FORM AND CONTENT:**

DATED:  April 13, 2016         **PERKINS COIE LLP**

By: /s/ Audra M. Mori
   Audra M. Mori
   Attorneys for Plaintiff

DATED:  April 13, 2016         TINGLEY LAW GROUP, **PC**

By: /s/ Stephen D. Collins
   Stephen D. Collins
   Attorneys for Defendants

<u>**ORDER**</u>

**IT IS SO ORDERED.**

Dated: April 13, 2016

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

A C K N O W L E D G E M E N T

The undersigned hereby acknowledges that he/she has read the Protective Order which was entered by the Court on _____, 2016, <u>Microsoft Corporation v. DSD Solutions Inc., a California corporation d/b/a Destined Design; Duy L. Pan, an individual; and DOES 1-5</u>, Case No. 15-CV-01690-MCE-CKD, that he/she is one of the persons contemplated in paragraphs 3 and 4 thereof as authorized to receive disclosure of RECORDS designated CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL by any of the parties or by third parties, and that he/she fully understand and agrees to abide by the obligations and conditions of the Protective Order.  The undersigned further consents to be subject to the jurisdiction of the United States District Court for the Central District of California for purposes of any proceedings relating to performance under, compliance with or violation of the above-described Order.

Dated: _____, 20___            _____